IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERREKO DEMESE THOMAS, ) | |
| # 220470, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv1101-ID |
| ) | (WO) |
| FRANK ALBRIGHT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 10) in which they argue that the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Terreko Demese Thomas ("Thomas") is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because

---

[1]Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996. The limitation period codified at 28 U.S.C. § 2244(d) provides:

   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

(continued...)

the convictions Thomas challenges became final in May 2009 – after the effective date of the statute of limitations – Thomas must have filed her habeas petition within one year of the convictions' becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions was pending in the state courts. The respondents acknowledge that, after she was convicted, Thomas filed a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. However, the respondents maintain that the federal limitation period expired prior to Thomas's filing of the Rule 32 petition and that, consequently, her filing of the Rule 32 petition had no effect on the running of the limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Upon review of the materials filed in this case and the law of this Circuit, it appears that Thomas's § 2254 petition is precluded from review by this court because it was not filed

---

[1](...continued)
United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Exhibits submitted by the respondents reflect that Thomas was convicted and sentenced on April 1, 2009. Thomas did not file a direct appeal. Therefore, her convictions became final by operation of law on May 13, 2009, 42 days after she was sentenced. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Under the circumstances, then, the one-year period of limitation for Thomas to seek federal habeas relief ended on May 13, 2010. However, Thomas did not file the instant § 2254 petition until December 26, 2010, after the limitation period had expired. Although Thomas filed a Rule 32 petition in the state trial court on or around December 7, 2010,[2] that filing did not toll the federal limitation period, which had already expired before Thomas filed the Rule 32 petition. *Tinker*, 255 F.3d at 1333.

Under the circumstances of this case, then, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired before Thomas filed the instant petition. Accordingly, it is

**ORDERED that on or before February 28, 2011,** Thomas shall show cause why her federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons asserted by

---

[2] The state trial court denied Thomas's Rule 32 petition on January 3, 2011.

the respondents in their answer.[3]

Done this 7th day of February, 2011.


                                     /s/Susan Russ Walker
                                SUSAN RUSS WALKER
                                CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] The respondents also argue that the claim in Thomas's petition has not been fully exhausted through available state remedies as required by 28 U.S.C. § 2254(b).