IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERREKO DEMESE THOMAS, ) | |
| # 220470, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv1101-MEF |
| ) | (WO) |
| FRANK ALBRIGHT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Terreko Demese Thomas ("Thomas"), an Alabama inmate, is before this court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed on December 26, 2010.[1] Thomas challenges her April 2009 guilty plea convictions in the Houston County Circuit Court on charges of manslaughter, robbery in the third degree, distribution of a controlled substance (three counts), and criminal use of a defensive spray. She was sentenced to 20 years in prison for each conviction, all sentences to run concurrently. Thomas's sole claim in her habeas petition is that she was "under too much pressure" when entering her

---

[1] Although the petition was date-stamped as "received" in this court on December 29, 2010, Thomas avers that she placed it in the prison mailing system on December 26, 2010. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing (presumptively the date it is signed by the petitioner). *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

guilty pleas. Doc. No. 1 at 5.[2]

The respondents argue that Thomas's habeas action is time-barred by the one-year federal limitation period applicable to 28 U.S.C. § 2254 petitions. Doc. No. 10. Based on the respondents' answer and the evidentiary materials filed therewith, this court entered an order advising Thomas that it appeared that she failed to file her petition within the one-year limitation period. Doc. No. 11. The order gave Thomas an opportunity to show cause why her petition is not time-barred. Thomas did not avail herself of that opportunity. As discussed below, upon review of the pleadings filed in this case, the evidentiary materials, and the applicable law, this court concludes that Thomas's § 2254 petition should be denied and this case dismissed because the petition was not filed within the time allowed by federal law.

## II.   DISCUSSION

**A.   One-year Limitation Period**

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[2] Document numbers ("Doc. No.") are assigned by the Clerk of Court when docketing the parties' pleadings, court orders, and other docket entries. Page references in this Recommendation are to those assigned by CM/ECF.

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. *Limitation Period under § 2244(d)(1)(A)*

Exhibits submitted by the respondents reflect that Thomas entered her guilty pleas and was sentenced on April 1, 2009. *See* Exhibits B through G.[3] Thomas did not file a direct appeal. Therefore, her convictions became final by operation of law on May 13, 2009, that is, 42 days after she was sentenced. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Under the circumstances, and for purposes of 28 U.S.C. §2244(d)(1)(A), the one-year limitation period for Thomas to seek federal habeas relief

---

[3] All references to exhibits are to those filed by the respondents.

expired on May 13, 2010. However, Thomas did not file her § 2254 petition until December 26, 2010 – more than seven months after the limitation period expired.

### 2. *Statutory Tolling under § 2244(d)(2)*

Although Thomas filed a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure challenging her convictions in the state trial court on or around December 7, 2010 (*see* Exhibit A at 1; Exhibit B at 3),[4] that filing did not toll the federal limitation period pursuant to 28 U.S.C. § 2244(d)(2), because the federal limitation period had already expired by the time the Rule 32 petition was filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Consequently, Thomas's filing of the Rule 32 petition in the state trial court had no effect on the running of the federal limitation period.

### 3. *Statutory Tolling under § 2244(d)(1) (B) - (D)*

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Thomas. There is no evidence that any unconstitutional or illegal State action impeded Thomas from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Thomas also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Thomas does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* § 2244(d)(1)(D).

---

[4] The state trial court denied Thomas's Rule 32 petition on January 3, 2011.

**B.      Equitable Tolling**

The limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999).  An inmate bears the difficult burden of showing specific facts to support her claim of extraordinary circumstances and due diligence.  *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).  Thomas, however, has asserted no basis for applying equitable tolling in her case.  Because she has shown no basis for tolling (equitable or statutory), her federal habeas petition is time-barred pursuant to § 2244(d)(1)(A).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied as it was not filed within the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A).

2. This case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 7, 2012. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 24th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE